■ In the Matter of the Dissolution of CEDAR GROVE HOMES, INC., a Corporation. NICK DE MARTINI, Appellant; JOHN CAPPO et al., Respondents.— Appeal from an order entered December 5, 1958 denying a motion to vacate an order appointing a receiver of the assets of the above-named corporation, entered upon the stipulation of the attorneys for the parties, and from an order entered May 21, 1959 denying a motion for reargument. Order entered December 5, 1958 affirmed, with $10 costs and disbursements. No opinion. Appeal from order entered May 21, 1959 dismissed, without costs. No appeal lies from an order denying a motion for reargument. (*Nagle* v. *Bryn Mawr Ridge,* 7 A D 2d 1007.) Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ CHARLES L. KELLAR, Respondent, v. BERNICE JOHNSON et al., Appellants. BERNICE JOHNSON et al., Appellants, v. CHARLES L. KELLAR, Respondent.— In a consolidated action to recover damages for assault and battery, false arrest and defamation, the complaints were dismissed pursuant to rule 302 of the Rules of Civil Practice. The appeal by notice dated June 29, 1959 is (1) from an order entered June 2, 1959 which denied appellants' motion to open their default, and (2) from so much of an order entered June 2, 1959 as on reargument adhered to the original decision. Order on reargument insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Appeal from order denying motion to open default dismissed, without costs. (Cf. *Graffeo* v. *Graffeo,* 7 A D 2d 741.) Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.

■ MARY KOWALSKI, Respondent, v. CITY OF POUGHKEEPSIE, Appellant, et al., Defendant.— In an action to recover damages for personal injuries, the appeal is from a judgment entered on a verdict in favor of respondent. Respondent was injured when a raised portion of a sidewalk caused her to fall. Judgment unanimously affirmed, with costs. Actual oral notice of a defective condition given to an authorized employee in the office of the Superintendent of Public Works is sufficient compliance with the requirements of section 200 of the Charter of the City of Poughkeepsie (L. 1896, ch. 425, as amd.; *Elias* v. *City of Rochester,* 49 App. Div. 597, affd. 169 N. Y. 614). Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ JOANN MOSKOWITZ, an Infant, by ETHEL MOSKOWITZ, Her Guardian ad Litem, et al., Appellants, v. SAMUEL KLEIN, Respondent.— Appeal from an order denying appellants' application for a preference pursuant to rule 9 of the Kings County Supreme Court Rules. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.